Robert WRIGHT, Plaintiff,

v.

Otis BOWEN, Secretary of the U.S. Department of Health and Human Services, Defendant.

No. 88 C 5283.

United States District Court, N.D. Illinois, E.D.

Jan. 20, 1989.

Thomas E. Johnson, Leslie Ann Jones, Johnson, Schaaf & Jones, Chicago, Ill., for plaintiff.

Anton R. Valukas, U.S. Atty. by Jeanne M. Witherspoon, Asst. U.S. Atty., Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

On November 27, 1987, Administrative Law Judge Francis J. O'Byrne ("ALJ") ruled that plaintiff Robert Wright is "disabled" as defined by the Social Security Act ("the Act"), 42 U.S.C. §§ 301 *et seq.* The ALJ concluded that Wright's disability resulted from a combination of ailments, including a severe hernia and degenerative arthritis of the lumbosacral spine. The ALJ further determined that the onset date of Wright's disability was May 22, 1987—the date on which Wright's severe hernia was diagnosed and first treated. Based on these findings, the ALJ ruled that Wright is entitled to disability insurance benefits and supplemental security income payments beginning May 22, 1987. Subsequently, the defendant Secretary of Health and Human Services ("Secretary") adopted the ALJ's ruling as its final decision concerning Wright's application for disability benefits.

In this action, brought pursuant to Section 205(g) of the Act, 42 U.S.C. § 405(g), Wright appeals the Secretary's final decision adopting the ALJ's rulings. Specifically, Wright's appeal raises a single issue: whether the ALJ properly concluded that Wright became disabled on, and not before, May 22, 1987. Both Wright and the Secretary have moved for summary judgment.

■ Wright contests the ALJ's ruling on two grounds. Wright first argues that the ALJ failed to apply the proper analysis—as described in Social Security Ruling 83–20 ("SSR 83–20")—in determining the onset date of his disability. However, the court finds that the ALJ implicitly, if not expressly, applied the analysis mandated by SSR 83–20. Under that rule, three factors must be considered to determine the onset date: the applicant's allegations, the applicant's work history, and the medical evidence. Each of these factors is discussed separately and thoroughly in the ALJ's decision. Clearly, therefore, the ALJ considered these factors in determining the onset date of Wright's disability.

■ Wright's second argument is that the ALJ's determination concerning the onset date of Wright's disability is not supported by substantial evidence. Wright claims that the ALJ should have found that he became disabled prior to May 22, 1987. Although he fails to identify any specific alternative date marking the onset of his disability, Wright apparently concedes that he was not disabled prior to December 1985. Up until that time, he remained employed in the assembly line job which he had held for over a decade.

The ALJ's task of determining the exact date on which Wright became disabled was very difficult for several reasons. First, Wright's work history was not very helpful in making that determination. Although Wright had worked steadily virtually all of his life until December 1985, he did not leave his employment due to illness. Instead, he testified he was fired due to disagreements with his foreman. Therefore, the fact that he stopped working after December 1985 does not necessarily indicate that he became disabled at or around that point in time. In addition, Wright's own testimony before the ALJ was not very enlightening. Wright could not say for certain how long he would have continued to work had he not been fired. Even when pressed, Wright simply was unable to indicate with any accuracy the date on which his ailments prevented him from continuing work.

Therefore, the ALJ was required to rely heavily on Wright's medical records to determine the onset date of Wright's disability. The court finds there was substantial

medical evidence to support the finding that Wright was not disabled until May 22, 1987. On July 21, 1986, and November 11, 1986, two separate doctors who examined Wright reported that he had normal gait and gave no indication that Wright was unable to perform medium work. In addition, on August 14, 1986, and January 22, 1987, two more doctors who conducted residual functional capacity assessments of Wright found virtually no limitations on Wright's ability to perform physical activities associated with medium work. Moreover, the medical record is void of any doctor's report indicating that Wright was unable to perform medium work prior to Wright's hernia operation on May 22, 1987.

Conversely, after the operation, the attending physician's report ordered Wright to avoid all strenuous activity. This report constitutes strong evidence that as of May 22, 1987, Wright was limited to light or sedentary work. Accordingly, considering Wright's advanced age (56 on the date of the operation), minimal education (fourth grade), and work experience (unskilled labor), the ALJ found that Wright was disabled as of the date of the operation. This conclusion clearly is supported by substantial evidence contained in the medical record described above. Therefore, the Secretary's motion for summary judgment is granted.

IT IS SO ORDERED.